UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACKIE PRESTON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-00619-X |
| § | |
| NATIONWIDE PROPERTY & § | |
| CASUALTY INSURANCE § | |
| COMPANY; STEVIE § | |
| BRUESEWITZ; and MATTHEW § | |
| VAUGHTERS, § | |
| § | |
| *Defendants.* § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff Jackie Preston's motion to remand this case to Texas state court. [Doc. No. 11]. Also before the Court is defendant Nationwide Property & Casualty Insurance Company's motion to preclude attorney's fees. [Doc. No. 8]. For reasons explained below, the Court **GRANTS** Preston's motion and **REMANDS** this action to Texas state court. Because the Court remands this action, it does not consider the motion to preclude attorney's fees [Doc. No. 8].

### I.  Factual Background

In the spring and summer of 2019, Jackie Preston's property located at 2817 County Road 312, Cleburne, TX, 76031-8588 sustained damage from water leaks and severe winds. Preston filed claims with her insurer, Nationwide Property & Casualty Insurance Company (Nationwide). Frustrated with Nationwide's handling of these claims, Preston sued Nationwide and its adjusters responsible for her claims, Stevie

Bruesewitz and Matthew Vaughters (the adjusters), in Texas state court.  Preston contends that Nationwide and the adjusters have engaged in various misconduct in failing to investigate and resolve her claims reasonably and expediently.

Nationwide removed the case to this Court based on diversity jurisdiction.  While Nationwide admits that Preston and the adjusters are all residents of Texas, it contends that the adjusters were fraudulently joined to defeat diversity jurisdiction.  Preston disagrees and moves to remand this case based on the lack of complete diversity of citizenship and the Court's corresponding lack of jurisdiction.

## II.   Legal Standards

A defendant may remove a state court action if the defendant establishes the federal court's original jurisdiction over the action.[1]  When sitting in diversity, federal courts require complete diversity among the parties to have jurisdiction.[2]  Complete diversity means that all parties on one side of the action must be citizens of different states than all parties on the other side of the action.[3]

If a removing party claims improper joinder to prove complete diversity, that defendant bears the heavy burden of proving that the non-diverse defendant was improperly joined.[4]  When a removing party establishes improper joinder, "the court may disregard the citizenship of [the improperly joined] defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the

---

[1] 28 U.S.C. § 1441.

[2] *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[3] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

[4] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004).

remaining diverse defendant."[5] Essentially, the removing party must show that the plaintiff added the non-diverse defendant only to defeat federal jurisdiction in order to demonstrate improper joinder.[6]

There are two ways to establish improper joinder: (1) show actual fraud in the pleading of jurisdictional facts, or (2) show the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[7] To do this, the court can either conduct a Rule 12(b)(6) analysis or, in its discretion, pierce the pleadings and conduct a summary inquiry.[8]

In this context, the federal pleading standard applies over state rules, and the focus is on the validity of joinder, not the merits of the plaintiff's case.[9] A suit lacking in merit is not the same as a suit involving improper joinder.[10] Considering a motion to remand with regard to improper joinder, if the plaintiff has stated a claim to relief that is plausible on its face, more than a recitation of elements of an action, then remand of the action is proper.[11]

---

[5] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

[6] *See Lincoln Prop. Co.*, 546 U.S. at 91–92 (holding that no party was joined solely to create federal jurisdiction.).

[7] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

[8] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–02 (5th Cir. 2016).

[9] *Id.* at 208.

[10] *See Smallwood*, 385 F.3d at 574.

[11] *See id.* at 573; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Analysis

Preston brings numerous claims against the adjusters here, including several under the Texas Insurance Code.  Individual adjusters can be personally liable under some provisions of the Texas Insurance Code.[12]  So long as at least one claim against the adjusters is viable, the Court must remand this case to state court.  The Court first considers Preston's claim under Texas Insurance Code § 541.060(a)(2)(A).  Under this provision, a person may be held liable for unfair settlement practices for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."[13]  While some federal courts have found that this particular provision only applies to insurers themselves because adjusters are not ultimately responsible for settlement,[14] others have disagreed.[15]  The Court finds Judge Jane Boyle's analysis of the statutory text and conclusion that adjusters may be held liable persuasive: "The fact that the statute uses the word 'effectuate,' rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a

---

[12] *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998); *see also* TEX. INS. CODE § 541.002(2) ("'Person' means an individual . . . engaged in the business of insurance, including an agent, broker, or adjuster.").  Remand is proper if a viable claim against the adjuster has been pled.  *See Roach v. Allstate Vehicle and Prop. Ins. Co.*, No. 3:15-CV-3228-G, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016) (Fish, J.).

[13] TEX. INS. CODE § 541.060(a)(2)(A).

[14] *See, e.g. Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.).

[15] *See, e.g. Roach,* 2016 WL 795967, at *4–5; *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-cv-0741-M, 2013 WL 6065414, at *2–3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-cv-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.).

role in bringing about a prompt, fair, and equitable settlement of a claim."[16] As "the persons primarily responsible for investigating and evaluating insurance claims," adjusters play such a role.[17] "[A] delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim."[18] Accordingly, adjusters may be held liable under § 541.060(a)(2)(A).

Satisfied that adjusters may be liable under § 541.060(a)(2)(A), the Court must consider whether Preston has stated a viable claim under this provision against the adjusters here. Pertinent to her § 541.060(a)(2)(A) claims, Preston alleges that the adjusters have drawn out the investigation and settlement process and have refused to reasonably investigate or fully pay Preston's claims. She contends that the adjusters' investigation was a "threadbare pretext to deny the Claim." While Preston's allegations lack specific factual details that may be important as this case progresses, she "does not need detailed factual allegations" at this stage.[19] Preston's allegations of delay and inadequate and pretextual investigation are sufficient to state a claim against the adjusters for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of Preston's claims under § 541.060(a)(2)(A).

Because Preston has stated a viable claim against the adjusters under § 541.060(a)(2)(A), the adjusters were not fraudulently joined. The Court need not

---

[16] *Denley Grp., LLC*, 2015 WL 5836226, at *4.

[17] *Id.*

[18] *Id.*

[19] *Twombly*, 550 U.S. at 545 (2007).

consider the adequacy of Preston's other claims or Nationwide's motion to preclude Preston's claim for attorney's fees [Doc. No. 8]. Lacking jurisdiction over this case, the Court must remand it to state court. However, the Court does not find that Nationwide removed this case without an objectively reasonable basis for doing so.[20] Accordingly, the Court **GRANTS** Preston's motion to remand but **DENIES** Preston's request for attorney's fees.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Preston's motion and **REMANDS** this action to Texas state court.

**IT IS SO ORDERED** this 18th day of January, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).